**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000185**
**06-DEC-2019**
**08:00 AM**

NO. CAAP-18-0000185

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PENNYMAC CORP., Plaintiff-Appellee,
v.
LEWANNA GODINEZ, Defendant-Appellant,
and
JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0741(1))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Lewanna Godinez (**Godinez**) appeals from the March 8, 2018 Order Denying [Godinez's] Rule 60(b) Motion for Relief from Judgment (**Order Denying Relief**), which was entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

---

[1] The Honorable Rhonda I.L. Loo presided.

In lieu of stating points of error arising from the Circuit Court's entry of the Order Denying Relief, Godinez asserts that the Circuit Court erred in its Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**) and Judgment, both entered on November 24, 2017, because there were genuine issues of material fact and evidentiary infirmities with respect to Plaintiff-Appellee PennyMac Corp.'s (**PennyMac's**) standing, which precluded summary judgment against Godinez and in favor of PennyMac.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Godinez's "points of error" as follows:

The Circuit Court entered the Foreclosure Decree and Judgment on November 24, 2017. No timely appeal was filed from the Foreclosure Decree and Judgment. Godinez's failure to appeal from the Foreclosure Decree and Judgment bars Godinez from now challenging PennyMac's standing under the doctrine of res judicata. See Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013).

Godinez makes no discernible argument on appeal as to whether the Circuit Court abused its discretion in entering the Order Denying Relief, which addressed Godinez's motion for relief made pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b). Instead, Godinez argues that the Circuit Court erred in

entering the Foreclosure Decree and Judgment because PennyMac lacked standing pursuant to <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), and <u>U.S. Bank N.A. v. Mattos</u>, 140 Hawaiʻi 26, 398 P.3d 615 (2017). In the Reply Brief, for example, Godinez emphasizes that "the one question on appeal is standing, not discretion." Godinez argues that the issue of standing is jurisdictional, jurisdictional requirements always remain open for review, and therefore the doctrine of *res judicata* should not be applied here.

Lack of standing does not render a court's judgment void under HRCP Rule 60(b). "In the sound interest of finality, the concept of a void judgment must be narrowly restricted." <u>Cvitanovich-Dubie v. Dubie</u>, 125 Hawaiʻi 128, 141, 254 P.3d 439, 452 (2011) (citations omitted). It is well-recognized that "a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." <u>Id.</u> at 139, 254 P.3d at 450 (citation omitted). Here, there is no challenge based on personal jurisdiction, and an argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction. As the Hawaiʻi Supreme Court recently reaffirmed, "[i]n Hawaiʻi state courts, standing is a prudential consideration . . . and is not an issue of subject matter jurisdiction." <u>Tax Found. of Hawaiʻi v. State</u>, 144 Hawaiʻi 175, 188, 439 P.3d 127, 140 (2019).

In sum, we conclude that the Circuit Court did not err in entering the Order Denying Relief.  Therefore, the Circuit Court's March 8, 2018 Order Denying Relief is affirmed.

DATED: Honolulu, Hawai'i, December 6, 2019.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
(Dubin Law Offices),
for Defendant-Appellant.

Patricia J. McHenry,
Nicholas M. McLean,
(Cades Schutte),
    and
Peter T. Stone,
Sun Young Park,
(TMLF Hawaii LLLC),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge